UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RECKO M. ELLIS,**

        **Plaintiff,**

-vs-                                                Case No.  6:07-cv-1166-Orl-19UAM

**OFFICER V. RODRIGUEZ,
PUBLIX CORP.,**

        **Defendants.**

_____

# ORDER

      This case comes before the Court on its own motion. Under Federal Rule of Civil Procedure 12(f), the district court may strike on its own motion any pleading that sets forth a redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f) (2006); *see Thompson v. Kindred Nursing Centers East, LLC,* 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002).

      Recko M. Ellis, a prisoner at Brevard County Jail, has filed a complaint and two amended complaints with this Court. (Doc. No. 1, filed July 12, 2007; Doc. No. 11, Sept. 7, 2007; Doc. No. 16, filed Oct. 16, 2007). In his Second Amended Complaint, Mr. Ellis asserts claims against Publix Corporation ("Publix") and "Officer V. Rodreguezz" under 42 U.S.C. section 1983. (Doc. No. 16, p. 1). Mr. Ellis contends that Publix constitutes a "State actor" under the "State compulsion" test and the "nexus/joint action test." (*Id.*) The Second Amended Complaint does not mention "Officer Rodreguezz" except in the case caption. (*Id.*)

      Mr. Ellis is correct that a private entity such as Publix can be held liable as a state-actor in some instances. *See Duriso v. K-Mart No. 4195, Division of S. S. Kresge Co., et. al.*, 559 F.2d 1274, 1277 (5th Cir. 1977). Specifically, "detention by store employees is under color of state

law if it is demonstrated that the store employees and the police were acting in concert and that the store and the police had a customary plan which resulted in the detention." *Id.*

However, in this case, Mr. Ellis has not alleged that the Publix employees and police acted in concert. (*See* Doc. No. 16, p. 1). Nor has he alleged that the police had a customary plan which resulted in his detention. (*See id.*) Thus, Plaintiff has failed to satisfy Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a) (2006).

Furthermore, Mr. Ellis has not stated a claim against "Officer Rodreguezz." Mr. Ellis's previous two complaints alleged that Officer Rodreguezz unlawfully arrested Mr. Ellis, (*see* Doc. No. 1; Doc. No. 11), but his Second Amended Complaint does not allege any facts against Officer Rodreguezz, (*see* Doc. No. 16, p. 1).

Under Local Rule 4.01, a party must file amended pleadings in their entirety. M.D. Fla. R. 4.01. As a result, the Court will look only to Mr. Ellis's Second Amended Complaint to evaluate his claim. In his Second Amended Complaint, Mr. Ellis fails to allege any facts against Officer Rodreguezz. (*See* Doc. No. 16, p. 1). Thus, Mr. Ellis has not stated a claim under Federal Rule of Civil Procedure 8(a).[1]

**Conclusion**

Plaintiff's Second Amended Complaint (Doc. No. 16) is **DISMISSED** without prejudice. Plaintiff will have one final opportunity file an amended complaint that complies with this Order and all applicable procedural rules.

---

[1] Mr. Ellis should also be aware that his Second Amended Complaint (Doc. No. 16) violates Federal Rule of Civil Procedure 15(a) because Mr. Ellis has already amended once, and he must request leave of the Court to amend a second time. Fed. R. Civ. P. 15(a) (2006).

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October 22, 2007.

/s/ Patricia C. Fawsett

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party